# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Ascent Resources – Marcellus, LLC,**
**f/k/a American Energy – Marcellus, LLC,**
**Plaintiff Below, Petitioner**

**FILED**

**May 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0566** (Tyler County 15-C-26-H)

**Galford Wadsworth, Jr., Rada Wadsworth, and**
**Steven Wadsworth,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Ascent Resources – Marcellus, LLC, f/k/a American Energy – Marcellus, LLC ("petitioner"), by counsel Amy M. Smith and Allison J. Farrell, appeals the Final Order entered by the Circuit Court of Tyler County on May 6, 2016. In this order, the circuit court dismissed petitioner's civil action after an evidentiary hearing because petitioner failed to prove the threshold allegation that it owned 100% of the working interest for the Marcellus Shale formation in the leasehold estate underlying respondents' surface property. Respondents Galford Wadsworth, Jr., Rada Wadsworth, and Steven Wadsworth (collectively, "respondents"), by counsel James G. Bordas and Jeremy M. McGraw, filed a summary response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

Respondents own the surface of 185.25 acres located in Tyler County, West Virginia.[1] On May 13, 2015, petitioner filed a "Verified Complaint for Declaratory, Monetary, and Injunctive Relief" against respondents. Petitioner sought to construct a ten to thirteen-acre oil and gas well pad on respondents' property that would obtain gas from neighboring properties through multiple horizontally-drilled wells. Respondents objected, prompting petitioner's complaint.

---

[1] Respondents Galford Wadsworth, Jr. and Rada Wadworth are husband and wife. Respondent Steven Wadsworth is their son.

1

Relevant to the instant appeal are paragraphs 11 and 12 in petitioner's complaint, in which petitioner alleged the following:

> 11.     [Petitioner] owns 100% of the working interest for the Marcellus Shale formation in the leasehold estate underlying the Surface Property pursuant to the six oil and gas leases attached hereto as "Exhibits A-1 to A-6" ("Leasehold Estate").

> 12.     [Petitioner] is a successor in interest to the original lessees identified in the leases attached hereto as "Exhibits A-1 to A-6."

In their Answer, respondents stated as follows with respect to paragraphs 11 and 12:

> 11.     [Respondents] must DENY the allegations in Paragraph 11 based upon the information and documentation provided. [Respondents] cannot determine whether or not [petitioner] holds the interest it alleges based upon a review of "Exhibits A-1 to A-6."

> 12.     [Respondents] must DENY the allegations in Paragraph 11 [sic] based upon the information and documentation provided. [Respondents] cannot determine whether or not [petitioner] holds the interest it alleges based upon a review of "Exhibits A-1 to A-6."

The matter proceeded to an evidentiary hearing on October 15, 2015. Petitioner presented the testimony of two of its employees. At the conclusion of the hearing, the circuit court directed the parties to submit written closing arguments, and the parties complied. By order entered on May 6, 2016, the circuit court found, in relevant part, as follows:

> Other than the lease documents attached to [petitioner's] Complaint which are alleged to relate to a mineral estate beneath [respondents'] surface estate, [petitioner] submitted no other documents or evidence to support the allegation set forth in paragraphs 11 and 12 of the Complaint. Taking a close look at the lease documents, the amount of acreage expressed therein differs from [respondents'] surface estate acreage (e.g. 176 acres, more or less as compared to 185.25 acres.)

> All of the aforementioned leases were entered into in the early 1980s and all had a five (5) year "primary term" with certain and specific conditions that could cause the lease terms to extend past the first five (5) years. The record before the Court is barren of any evidence whatsoever that the leasehold interests purported to have been granted by the leases identified as Exhibits A-1 to A-6 remain in full force and effect.

> Finally, although [petitioner] alleges to be, "'a successor interest to the original leases," the record is barren of any evidence whatsoever in support thereof.

2

Based on the above factual findings, the circuit court ruled that petitioner was not entitled to the relief sought in its complaint and dismissed the matter from its docket.[2]

Petitioner filed its Notice of Appeal with this Court on June 3, 2016, challenging the circuit court's May 6, 2016, Final Order. Subsequent to filing its appeal, on July 18, 2016, petitioner filed a "Motion for Relief from Final Order" in the circuit court pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. Respondents filed their response to petitioner's motion on August 5, 2016. By Order entered on August 15, 2016, the circuit court ruled that it was without jurisdiction to consider petitioner's Rule 60(b) motion because petitioner had already filed a Notice of Appeal with this Court.

On November 17, 2016, petitioner filed a motion with this Court, entitled "Petitioner's Request for Judicial Notice of Public Records," along with eight exhibits that petitioner alleged are housed in the Office of the Clerk of the County Commission of Tyler County. Through its motion, petitioner sought for this Court to take judicial notice of the facts contained in multiple deeds, assignments, and certificates of merger, dated between 1985 and 2014, which petitioner alleged establish its ownership of the mineral interest at issue in the evidentiary hearing before the circuit court. On November 28, 2016, respondents filed their response to petitioner's motion with this Court in which it argued that (1) petitioner failed to submit this evidence below and it is not part of the record on appeal; and (2) it is not proper for an appellate court to take judicial notice of the validity of the facts contained in the various documents simply because those documents are housed in the Clerk's office. This Court refused petitioner's motion by order entered on January 25, 2017.

## Discussion

On appeal, petitioner argues that the circuit court erred as a matter of law in its Final Order "by holding that [it] failed to factually support its assertion that it owns a Leasehold Interest underlying the property owned by [respondents] because the record contains sufficient and undisputed evidence of petitioner's Leasehold Interest." This Court has often held that

> [i]n reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review. (citation omitted).

*Phillips v. Fox*, 193 W. Va. 657, 661, 458 S.E.2d 327, 331 (1995). Contrary to petitioner's assertion, this matter clearly hinges on our review of a factual finding by the circuit court; and, thus, we will not disturb the court's finding unless it is clearly erroneous.[3] We have held that

---

[2] The circuit court's reasoning is summed up by the following statement in its Final Order: "Rhetorically, how can this Court consider, let alone, declare [petitioner] has any rights whatsoever when the record before the Court fails to establish the most basic element; to-wit: a valid mineral estate interest?"

"[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746, 766 (1948). However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm "[i]f the [circuit] court's account of the evidence is plausible in light of the record viewed in its entirety [.]" *Anderson v. City of Bessemer City, North Carolina,* 470 U.S. 564, 573-74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518, 528 (1985).

*Id.* at 661-62, 458 S.E.2d at 331-32.

In the present case, petitioner attacks the circuit court's factual finding on three fronts: (1) respondent never disputed that petitioner owned the mineral estate; (2) petitioner, nevertheless, proved the existence of its mineral estate through its two employees who testified at the hearing; and (3) the circuit court should have taken judicial notice of certain documents that establish petitioner's ownership interest.

We dispense with petitioner's third argument first. Petitioner asserts that the circuit court could have relied upon Rule 201(b) of the West Virginia Rules of Evidence[4] to take judicial notice of the facts contained in certain deeds, mergers, and assignments housed in the office of the Clerk of the County Commission that allegedly establish its ownership interest.[5] This is the same argument that petitioner presented in its motion filed with this Court, entitled "Petitioner's Request for Judicial Notice of Public Records." This Court has already examined and refused that motion by order entered on January 25, 2017, and we need not revisit the petitioner's argument herein.

---

[3] Petitioner contends that this case presents the undecided legal issue of whether it has the right to enter upon the surface of respondents' property to obtain oil and gas from neighboring properties by horizontal drilling when the landowner refuses to sign a surface use agreement. Petitioner contends that the circuit court never reached this issue because it erroneously found that petitioner failed to prove that it even owned the mineral interest in the property at all. While this case had the potential to present the legal issue as petitioner framed it, we agree with respondents that petitioner failed to prove to the threshold factual question of its ownership of the mineral estate it sought to act upon. Our decision in this case goes no farther than our review of that factual finding under the record developed before the circuit court.

[4] Rule 201(b) of the West Virginia Rules of Evidence provides as follows:

(b) *Kinds of facts that may be judicially noticed.* - The court may judicially notice a fact that is not subject to reasonable dispute because it:
(1) is generally known within the trial court's territorial jurisdiction; or
(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

[5] These documents are listed in a footnote in petitioner's brief.

Petitioner contends that respondents did not dispute petitioner's ownership interest in the mineral estate as alleged in its complaint. However, "a trial court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 12(b)(6)[2], at 386 (4th ed. 2012). Petitioner alternatively argues that, even if respondents disputed its claim, petitioner proved ownership through its two employee witnesses who testified at the hearing. However, a review of the record below flatly contradicts this assertion. As respondents argue, the witness testimony may have established that there had been shallow wells and prior development on the property, but there was no indication as to the authority under which that development occurred. Moreover, the maps relied upon by petitioner at the hearing rested upon unsupported conclusions that the lease agreements cited in petitioner's complaint had any legal effect with respect to respondents' property.

Importantly, respondents' answer clearly indicates that they denied petitioner's claim of ownership, by stating as follows: "[Respondents] must DENY the allegations . . . based upon the information and documentation provided. [Respondents] cannot determine whether or not [petitioner] holds the interest it alleges based upon a review of "Exhibits A-1 to A-6." Petitioner was not a party to any of the leases referenced in its complaint. Respondents' answer should have signaled to petitioner the necessity for petitioner to prove the basis of its claim. Additionally, in their response in opposition to petitioner's motion for a preliminary injunction, respondents echoed their dispute as to the "proof" of ownership that petitioner identified in its complaint. Respondents asserted that petitioner had not presented any chain of title or explanation to demonstrate that the six lease agreements included in petitioner's complaint were part of the mineral chain of title or that petitioner had obtained an interest in those leases. For whatever reason, petitioner did not heed these signals and failed to present to the circuit court the documents to which it now identifies, and which it asked this Court to judicially notice, as evidence of its ownership claim. Petitioner had every opportunity to present this evidence below, but failed to do so.

Petitioner's second and final assignment of error challenges the circuit court's August 15, 2016, order in which it determined that it lacked jurisdiction to rule upon petitioner's Rule 60(b) motion given the pendency of this appeal. Rule 60(b) provides, in part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

5

Under the limited facts and circumstances of this case, and given our discussion above, we find it unnecessary to decide whether the circuit court erred in ruling that petitioner's notice of appeal deprived it of jurisdiction to rule upon petitioner's subsequent Rule 60(b) motion. Upon our review of the record and petitioner's Rule 60(b) motion, we find that there is no basis upon which petitioner is entitled to Rule 60(b) relief.

For the foregoing reasons, we affirm the Circuit Court of Tyler County's May 6, 2016, Final Order.

Affirmed.

**ISSUED:** May 19, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker